## UNITED STATES v. SAGNER.

### No. C–16890.

District Court, D. Oregon.

Feb. 20, 1947.

Supplemental Opinion May 6, 1947.

Henry L. Hess, U. S. Atty., and J. Robert Patterson, Asst. U. S. Atty., both of Portland, Or., for plaintiff.

Clarence A. Potts, of Portland, Or., for defendant.

McCOLLOCH, District Judge.

In his certificate on appeal to the Supreme Court, the United States Attorney has stated that I did not give my reasons for dismissing this indictment. Herewith I briefly state the grounds for my decision.

Since the decision in Yakus v. United States, 1944, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834, I have presided at the trial of many OPA cases, and I became impressed with the great injustice of denying defendants the right to challenge the validity of the regulation or order under which they were being prosecuted.

The cases have presented a variety of circumstances, many involving most grievous oppression. It is absurd to think the average citizen can take his case before a special court, such as the Emergency Court of Appeals. The infinitesimal percentage of cases heard by that Court proves it. The

---

joker in Section 204(d) of the Price Control Act, 50 U.S.C.A.Appendix, § 924(d), upheld by the Yakus decision, is that it covers *orders* as well as regulations. OPA has put out thousands of orders (nobody knows how many), some national in scope, others regional, local, and a great many directed to individuals. By that I mean a great number of people have been "ordered" individually and personally not to do this or that about their affairs. For example, a father was ordered not to do business with his son, solely because he was his son.

In none of these cases, under the Supreme Court ruling, could the citizen defend himself when sued by OPA or when prosecuted criminally at the instance of OPA, unless he had taken the circuitous, and in most cases utterly impossible, course of resorting to the Emergency Court of Appeals. When brought into court the citizen could not, under the Yakus decision, even challenge the jurisdictional validity of the order. Compare Estep v. United States, 327 U.S. 114, 66 S.Ct. 423.

▮ And so, observing day by day the harsh workings of the Yakus decision, I determined that a rule of strict construction was justified, particularly in criminal cases, and that is the rule I applied in the present case. Much more by way of construction has been done in American-Anglo legal history to preserve natural right.

### Supplemental Opinion.

### The Yakus Case.

OPA has ended, without reconsideration of Yakus v. United States, 321 U.S. 414, 64 S.Ct. 660, 88 L.Ed. 834, which held that a defendant, indicted for violation of a price control regulation, could not show at his trial that the regulation was void; that the only court in which he could attack the regulation was the Emergency Court of Appeals, and on appeal from it in the Supreme Court; that the sole defense he could make at the criminal trial was that he had not violated the regulation.

This decision entirely overlooked the constitutional requirement as to place of criminal trials, Art. III, Sec. 2, Cl. 3, unless the bar and citizenry are prepared to accept the proposition that a split trial, held in part at a place other than specified in the Constitution, satisfies the constitutional guaranty. No doubt that will be the position taken by the Tweedledums and Tweedledees in the profession, when the solid part of the bar request reconsideration of this decision, as they are bound to do.[1]

The matter was discussed earlier in Bowles v. Richards, D.C., 63 F.Supp. 946, Note 5.

---

[1] The Sugar Control Extension Act of 1947, Public Law 30, approved March 31, 1947, 50 U.S.C.A.Appendix, § 981 et seq., partially repealed Section 204(d) of the Emergency Price Control Act, 50 U.S.C.A.Appendix, § 924(d).

Awakened to the outrage of denying people when sued or prosecuted the right to defend themselves in their own courts, it is to be hoped that Congress will before adjournment strike this vicious gag law in its entirety.